UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JULIO NOVA,

                Plaintiff,

        v.

SUPERINTENDENT KIRKPATRICK, et al.,

                Defendants.
_____

DECISION & ORDER

14-CV-6235G

        Plaintiff Julio Nova ("Nova") filed a *pro se* complaint under 42 U.S.C. § 1983 against eleven individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS") at the Wende Correctional Facility ("Wende"), alleging, *inter alia*, that they subjected him to excessive force within the meaning of the Eighth Amendment during an incident at Wende on May 2, 2011. (Docket # 1). Currently pending before the Court is a motion filed by Nova seeking an order compelling defendants to produce additional documents responsive to his document requests. (Docket # 23). Defendants oppose the motion. (Docket # 25). For the reasons set forth below, Nova's motion is granted in part and denied in part.

        On January 14, 2015, Nova filed his First Request for Production of Documents dated January 9, 2015. (Docket # 18). The requests sought, *inter alia*, transcripts of two disciplinary hearings. (*Id.*). On April 17, 2015, Nova filed his Second Request for Production of Documents dated April 13, 2015, which Nova affirmed he served on defendants by mailing them on April 13, 2015. (Docket # 21). Those requests sought, *inter alia*:

> Any and all grievances, complaints, or other documents received by prison staff defendant Supt. Kirkpatrick or his agents at Wende C.F. concerning the mistreatment of inmates by defendants T. Benson, A. Domino, DJ Martin or Shultz, and any memoranda, investigative files, or other documents created in response to such complaints, since January 1, 2005.

(*Id.* at 2). Defendants timely responded to Nova's Second Request for Production of Documents on May 14, 2015. (Docket # 22). Defendants objected to the request set forth above on the grounds that it is overbroad, seeks irrelevant material and imposes an undue burden. (*Id.* at 3-4). Defendants did produce the report from the Inspector General for DOCCS relating to the May 2, 2011 incident. (*Id.*). Defendants also indicated that a review of the New York State Department of Correctional Services disciplinary database "revealed that no disciplinary action has been taken against the defendants" between May 2011 and May 2014. (*Id.*).

Nova served the pending motion to compel on May 17, 2015 (Docket # 23), likely before he received a copy of defendants' responses to his Second Request for Production of Documents. Nova's motion seeks an order compelling defendants to provide the two disciplinary hearing transcripts and documents responsive to the request set forth above for defendants Benson, Shultz and Martin. (*Id.*). Defendants' response to Nova's motion represents that counsel had requested the retrieval of archived files that he expected would contain the transcripts and would produce the transcripts to Nova. (Docket # 25, ¶¶ 3, 5). The Court has not heard from Nova that he did not receive the transcripts that counsel promised to provide him, and the Court assumes that counsel has done so. Nova's motion for an order compelling defendants to produce the transcripts is denied as moot.

As to the second request, Nova's motion papers make clear that he is not requesting the production of the entirety of the personnel files for defendants Benson, Shultz and Martin; rather, he seeks documents evidencing any complaints against them since January 1,

2

2005.  I agree with defendants that the request is overbroad.  So too is defendants objection to producing any responsive documents beyond the Inspector General's report of the incident at issue in this case.  Defendant are hereby directed to produce documents evidencing complaints, which were found to be substantiated, that Benson, Shultz or Martin used excessive force or failed to intervene to protect an inmate against excessive force during the period May 2, 2008 through May 2, 2012.  *See Wright v. Goord*, 2008 WL 2788287, *3 (W.D.N.Y. 2008).  Any such responsive documents must be produced by no later than February 17, 2016.

## CONCLUSION

For the reasons stated above, Nova's motion to compel **(Docket # 23)** is **GRANTED in part and DENIED in part**.  Defendants are ordered to produce any responsive documents as directed herein by no later than **February 17, 2016**.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
           January 15, 2016